UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-141 (DWF/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Lyndon Aukeem Swarn, | |
| Defendant. | |

This matter comes before the Court on Defendant Lyndon Aukeem Swarn's Second Motion to Continue Motion Hearing and Exclude Time, ECF No. 42. Defendant has also filed a Statement of Facts for Second Motion to Exclude Time, ECF No. 43.

"The Government [has] disclosed some new discovery . . . and . . . is prepared to file a Superseding Indictment." ECF No. 43 at 1; *see* ECF No. 42 at 1. Defendant states that additional motions may need to be filed and previously filed motions may need to be amended as a result. The parties are also discussing possible resolution of this matter. Defendant "agrees there should be one hearing rather than two hearings" and therefore moves for a continuance of the November 20, 2020 motions hearing. Ex. 42 at 1. The Government has no objection to and is in agreement with the requested continuance. In e-mail correspondence with the Court, a continuance of 30 days was proposed.

Additionally, as previously stated, *see generally* ECF Nos. 36, 41, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series

1

of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[1]  General Order No. 18 was entered on August 27, 2020.  *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 18 (D. Minn. Aug. 27, 2020).

General Order No. 18 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.  General Order No. 18 further provides that, if the defendant declines to consent to proceeding by videoconferencing or telephone conferencing, the matter can be continued until an in-person hearing can be held and time may be excluded under the Speedy Trial Act.

General Order No. 18, which is hereby incorporated by reference, was implemented based on: (1) the President declaring a national state of emergency in response to COVID-19; (2) the Governor of the State of Minnesota declaring a peacetime emergency to coordinate strategy to protect Minnesotans from COVID-19 and extending the COVID-19 peacetime emergency through September 11, 2020; (3) the Governor of the State of Minnesota issuing Emergency Executive Order 20-74, Continuing to Safely Reopen

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.  This Court is aware and takes note of General Order No. 19, which went into effect on September 26, 2020.  This Order extends the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota."  *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 19 (D. Minn. Sept. 25, 2020).  Additionally, this Court is aware and takes note of General Order No. 20, issued November 4, 2020.  This Order "updates General Order No. 18 concerning jury trials" and leaves in effect "all other provisions in General Order No. 18."  *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 20 (D. Minn. Nov. 4, 2020).

Minnesota's Economy and Ensure Safe Non-Work Activities during the COVID-19 Peacetime Emergency, which continues to place several restrictions on Minnesota residents; (4) the COVID-19 restrictions imposed by local detention facilities impacting the abilities of pretrial detainees to consult with legal counsel and appear in-person at a U.S. Courthouse; (5) the Bureau of Prisons' modified operations affecting inmate movement; and (6) the interests of the health of courtroom participants and court staff, the constitutional rights of criminal defendants, the ability to conduct certain criminal proceedings via videoconference or telephone conference under the CARES Act, and the public's interest in and the Court's duty to ensure the effective and expeditious administration of justice. *See also* Gen. Order No. 19. Specifically, General Order No. 18 states the following concerning the Speedy Trial Act:

> Where appropriate, the presiding judge may enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act. The presiding judge may extend deadlines and exclude time under the Speedy Trial Act in cases even when certain proceedings are held using videoconferencing or telephone conferencing to address delays attributable to COVID-19.

The Court previously inquired whether Defendant consented to conducting the criminal motions hearing using videoconferencing. ECF Nos. 15, 32. Although Defendant initially indicated through counsel that he declined to consent to videoconferencing for the criminal motions hearing, ECF No. 33, he has since indicated through counsel that he consents to videoconferencing for the criminal motions hearing. ECF No. 40. Accordingly, consistent with the health and safety protocols of this Court and the facility in which Defendant is detained, the criminal motions hearing will be held by

3

videoconference and continued to January 14, 2021.

Therefore, pursuant to 18 U.S.C. § 3161(h), the Court finds that the ends of justice served by granting such a continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to provide Defendant and his counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources. Additionally, for the reasons addressed in General Order Nos. 18 and 19 and the well-documented concerns regarding COVID-19, the Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the continuance outweigh the best interests of the public and Defendants in a speedy trial. The Court further finds that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), a miscarriage of justice would result if time were not excluded under these unique circumstances.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Second Motion to Continue Motion Hearing and Exclude Time, ECF No. 42, is **GRANTED**.

2. The period of time from **November 12, 2020, through January 14, 2021**, shall be excluded from Speedy Trial Act computations in this case.

3. The criminal motions hearing is continued to **January 14, 2021, at 10:00 a.m., and will occur by ZOOMGOV videoconferencing technology**. Login information will be provided to counsel closer to the hearing date.

4.    **The trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for United States District Judge Donovan W. Frank to confirm the new trial date.**

Date: November    17    , 2020            *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Swarn*
Case No. 20-cr-141 (DWF/TNL)