# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-141 (DWF/TNL) |
| Plaintiff, | |
| v. | **ARRAIGNMENT NOTICE**<br>**&**<br>**ORDER** |
| Lyndon Aukeem Swarn, | |
| Defendant. | |

This matter comes before the Court on Defendant Lyndon Aukeem Swarn's Motion to Extend Time for Filing Pretrial Motion, ECF No. 54.  Defendant has also filed a Statement of Facts in Support of Exclusion of Time Under Speedy Trial Act, ECF No. 55. Defendant requests a 30-day extension of time as defense "counsel ha[s] been reviewing the discovery and working with the [G]overnment to arrange for independent testing of the controlled substances involved in this case," a "process [which] is ongoing and . . . necessary for defense counsel to fully advise [Defendant] of possible defenses."  ECF No. 54 at 1.  The Government has no objection to the requested extension.

As previously stated, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[1]

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

On November 24, 2020, Chief Judge Tunheim entered General Order No. 22, which continues all in-person hearings, unless the presiding judge determines that an in-person hearing is necessary, through January 31, 2021, and states that no new criminal trial may commence before February 1, 2021. *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 22 (D. Minn. Nov. 24, 2020). General Order No. 22 further provides that, if the defendant declines to consent to proceeding by videoconferencing or telephone conferencing, the matter can be continued until an in-person hearing can be held and time may be excluded under the Speedy Trial Act.[2]

General Order No. 22, which is hereby incorporated by reference, was implemented based on: (1) the President declaring a national state of emergency in response to COVID-19; (2) the Governor of the State of Minnesota declaring a peacetime emergency to coordinate strategy to protect Minnesotans from COVID-19 and the extension of that order; (3) the Governor of the State of Minnesota issuing Emergency Executive Order 20-99, Implementing a Four Week Dial Back on Certain Activities to Slow the Spread of COVID-19, which imposes certain restrictions on Minnesota residents; (4) the COVID-19 restrictions imposed by local detention facilities that impact the abilities of pretrial

---

[2] *See also* General Order No. 19, which went into effect on September 26, 2020, and extended the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota," *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 19 (D. Minn. Sept. 25, 2020); General Order No. 24, which goes into effect on December 25, 2020, vacates General Order No. 19, and extends the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 24 (D. Minn. Dec. 22, 2020).

detainees to consult with legal counsel and appear in-person at a U.S. Courthouse; (5) the Bureau of Prisons' modified operations that affects inmate movement; (6) the resumption of limited in-person criminal hearings in July 2020 and the resumption of limited jury trials in September 2020; (7) Minnesota's current high COVID-19 infection rates, with active COVID-19 cases at record highs; and (8) the interests of the health of courtroom participants and court staff, the constitutional rights of criminal defendants, the ability to conduct certain criminal proceedings via videoconference or telephone conference under the CARES Act, and the public's interest in and the Court's duty to ensure the effective and expeditious administration of justice.

Specifically, General Order No. 22 states the following concerning the Speedy Trial Act:

> If the proceeding must be continued, the Court finds that the time of the continuances implemented by this order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice are served by ordering the continuances and outweigh the best interests of the public and of the criminal defendants under 18 U.S.C. § 3161(h)(7)(A). Absent further order of the Court or any individual judge, the period of exclusion shall be from March 17, 2020, or the date of the indictment, whichever is later, to the date that the criminal proceeding takes place. The Court may extend the period of exclusion as circumstances may warrant.

In e-mail correspondence with the Court, Defendant has indicated that he will be withdrawing his prior consent to conducting the motions hearing by videoconference. ECF No. 50 at 1; *see* ECF No. 40. Accordingly, consistent with the health and safety protocols of this Court and the facility in which Defendant is detained, the in-person arraignment and motions hearing will be continued to March 31, 2021.

Pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to provide Defendant and his counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources. Further, for the reasons addressed in General Order No. 22 and the well-documented concerns regarding COVID-19, the Court specifically finds that the ends of justice served by ordering this continuance outweigh the best interests of the public and Defendant's right to a speedy trial under 18 U.S.C. § 3161(h)(7)(A).   In addition, under 18 U.S.C. § 3161(h)(7)(B)(i), the Court finds that a miscarriage of justice would result if time were not excluded under these unique circumstances.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Defendant's Motion to Extend Time for Filing Pretrial Motions, ECF No. 54, is **GRANTED**

2.      The period of time from **January 22 through March 31, 2021**, shall be excluded from Speedy Trial Act computations in this case.

3.      The arraignment hearing shall take place before the undersigned on **March 31, 2021 at 1:00 p.m.,** in the **Edward J. Devitt Courtroom** at the Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, **SAINT PAUL**, Minnesota**.**

4.      All motions in the above-entitled case shall be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **February 26, 2021**.

4

D. Minn. LR 12.1(c)(1). Two courtesy copies of all motions and responses shall be delivered directly to the chambers of Magistrate Judge Leung.

5. **Defense counsel shall electronically file a letter on or before February 26, 2021, clarifying the following:**

    a. **Whether the presently filed motions shall apply to the superseding indictment;**

    b. **Whether any of the presently filed motions are being withdrawn or supplanted by any newly filed motion; and**

    c. **Whether Defendant consents to arraignment and a motion hearing by videoconference.**

6. Counsel shall electronically file a letter on or before **February 26, 2021**, if no motions will be filed and there is no need for hearing.

7. All responses to motions shall be filed by **March 12, 2021**. D. Minn. LR 12.1(c)(2).

8. Any Notice of Intent to Call Witnesses shall be filed by **March 12, 2021**. D. Minn. LR. 12.1(c)(3)(A).

9. Any Responsive Notice of Intent to Call Witnesses shall be filed by **March 17, 2021**. D. Minn. LR 12.1(c)(3)(B).

10. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

    a. The government makes timely disclosures and a defendant pleads particularized matters for which an evidentiary hearing is necessary; or

    b. Oral argument is requested by either party in its motion, objection or response pleadings.

11.    If required, the motions hearing shall take place before the undersigned on

**March 31, 2021, at 1:00 p.m.,** in the **Edward J. Devitt Courtroom** at the Warren E.

Burger Federal Building and U.S. Courthouse, 316 North Robert Street, **SAINT PAUL**,

Minnesota**.**

12.    **TRIAL:**

a.    **IF NO PRETRIAL MOTIONS ARE FILED BY DEFENDANT: the following trial and trial-related dates are:**

All voir dire questions and jury instructions must be submitted to District Judge Donovan W. Frank on or before **May 7, 2021**.

This case must commence trial on **May 17, 2021**, at **9:00 a.m.** before District Judge Donovan W. Frank in Courtroom 7C, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, **SAINT PAUL**, Minnesota.

b.    **IF PRETRIAL MOTIONS ARE FILED, the trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for District Judge Frank to confirm the new trial date.**

Dated: January_____26_____, 2021          _____*s/ Tony N. Leung*_____
                                            TONY N. LEUNG
                                            United States Magistrate Judge
                                            District of Minnesota


                                            *United States v. Swarn*
                                            Case No. 20-cr-141 (DWF/TNL)